IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   CRIMINAL ACTION NO. |
| | )   15-193-KD |
| MAURICE ODELL BROWN | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant's Motion for Judgment of Acquittal after Jury Guilty Verdict filed pursuant to Federal Rule of Criminal Procedure 29(c) (Doc. 116) and Motion for a New Trial filed pursuant to Federal Rule of Criminal Procedure 33(b)(2) (Doc. 117). Upon consideration and for the reasons discussed herein, the motions are **DENIED**.

**I.     Motion for Judgment of Acquittal (Doc. 116)**

Rule 29 of the Federal Rules of Criminal Procedure states that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The Rule also provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1).

Defendant moves for a judgment of acquittal "on the basis of insufficient evidence that Defendant knowingly possessed a firearm." (Doc. 116 at 1). "A motion for judgment of acquittal is a direct challenge to the sufficiency of the evidence presented against the defendant." United States v. Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994). In deciding such a motion, "district courts should apply the same standard as that used for reviewing a conviction for sufficiency of the evidence. The Court must view the evidence in the light most favorable to the government and

determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989) (internal citations omitted); see also United States v. Browne, 505 F.3d 1229, 1253 (11th Cir. 2007) ("In reviewing a sufficiency of the evidence challenge, we consider the evidence in the light most favorable to the Government, drawing all reasonable inferences and credibility choices in the Government's favor.").

To sustain a conviction, the evidence need not "exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." United States v. Garcia, 447 F.3d 1327, 1334 (11th Cir. 2006) (internal quotations and citation omitted). "The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial, and the court must accept all reasonable inferences and credibility determinations made by the jury." Sellers, 871 F.2d at 1021 (internal citations omitted). Therefore, a "conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." United States v. Tate, 586 F.3d 936, 944 (11th Cir. 2009) (quoting United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999)). "[T]he relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).

Upon consideration, viewed in the light most favorable to the Government, the evidence adduced at trial supports a rational determination that Defendant is guilty of violating 18 U.S.C. § 922(g)(1), as charged in Count One of the Indictment. Thus, the motion is **DENIED**.

Case 2:15-cr-00193-KD-B   Document 118   Filed 03/10/16   Page 3 of 4

**II.   Motion for New Trial (Doc. 117)**

Defendant also moves for a new trial, pursuant to Federal Rule of Criminal Procedure 33(b)(2) on the following grounds:

> Defendant moves for a new trial on the basis that ATF Agent Peterson was never identified as an expert witness by the government before trial but testified as an expert witness and gave expert opinion testimony at trial which was prejudicial to Defendant's case;
>
> During closing argument, the AUSA commented that Defendant had a "history of of lawlessness". Defendant's counsel objected and moved for a mistrial, which was denied. Said comment was prejudicial to Defendant's case;
>
> The government admitted a "Bill of Sale" into evidence which was not prepared by Defendant and was admitted on the basis of perjured and hearsay testimony. Said evidence was prejudicial to Defendant's case.

(Doc. 117 at 1).

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Thus, there are two grounds upon which a court may grant a motion for new trial: one based on newly discovered evidence . . . ; and the other based on any other reason, typically the interest of justice . . . ." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006). The decision whether to grant or deny a motion for new trial rests in the sound discretion of the trial court. United States v. Champion, 813 F.2d 1154, 1170 (11th Cir. 1987).

Defendant points to the Assistant United States Attorney's description of the Defendant's "history of lawlessness," as grounds for a new trial. "Even if a prosecutor's comments are inappropriate, reversal is only warranted if the entire trial is so replete with errors that the defendant was denied a fair trial." United States v. Adams, 280 F. App'x 940, 944 (11th Cir. 2008) citing United States v. Eckhardt, 466 F.3d 938, 947 (11th Cir. 2006). Further, "[a] prosecutor's remarks mandate a new trial only if they are improper and prejudicially affect the

3

defendant's substantial rights. A defendant's substantial rights are prejudiced if there is a reasonable probability that, but for the remarks, the outcome would be different." United States v. Adams, 74 F.3d 1093, 1097 (11th Cir. 1996)(internal citations omitted). Upon consideration, the Court finds that if there were any error based on this remark, it was harmless. Eckhardt at 947 ("When the record contains sufficient independent evidence of guilt, any error is harmless.")

The Court finds that the Defendant's remaining arguments in support of a new trial provide no meritorious bases for the Court to grant a new trial. Accordingly, the motion for new trial (Doc. 117) is **DENIED.**

**DONE** and **ORDERED** this **10th** day of **March 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**