IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | Criminal Action No. 15-00193-KD-N |
| MAURICE ODELL BROWN, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and documents in support filed by Defendant Maurice Odell Brown (doc. 195; doc. 195-1 through 195-5). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

I. Background

Relative to this motion, on August 27, 2015, Brown was indicted for the offense of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Brown entered a plea of not guilty. His first trial was declared a mistrial because the jury was unable to return a unanimous verdict (doc. 101). At his second trial, the jury returned a unanimous verdict, and he was convicted (doc. 115). Brown was found to have three qualifying predicate offenses and met the requirements of the Armed Career Criminal Act. 18 U.S.C. 924(e). He was sentenced to a total term of imprisonment of 180 months, the statutory minimum (doc. 134). The Court of Appeals for the Eleventh Circuit affirmed his conviction (doc. 154).

At the time of this offense, Brown was serving a three-year term of supervised release for a prior conviction for the offense of prohibited person in possession of a firearm. His supervised release was revoked, and he was sentenced to serve eight months, consecutive to the instant 180-month sentence. See United States v. Brown, Criminal Action No. 09-00154-KD-M (S.D. Ala.) (2009) (doc. 59).

At present, Brown has been incarcerated approximately seven years. He is forty-six years old. His anticipated release date is May 18, 2029. Brown is incarcerated at USP Yazoo City in Louisiana. At present, the facility is at Level One operations for Covid 19, which is the least restrictive level. One inmate has tested positive, and one inmate is awaiting testing. No staff members have tested positive. (Last visited June 6, 2023)

https://www.bop.gov/coronavirus/covid19_statistics.html

II. Motion pursuant to 18 U.S.C. § 3582(c)(1)(A)

Brown now moves the Court for a "sentence reduction and modification pursuant to 18 U.S.C. § 3582(c)(1)(A)" (doc. 195, p. 1). He argues that the "First Step Act empowered courts to independently determine whether such other reasons are present in a given case, without deference to the BOP's judgment." (doc.195-3, p.6).[1] Brown appears to rely upon the "Other Reasons" provision in Application Note 1(D) in Policy Statement § 1B1.13. As extraordinary and compelling "other reasons" for a sentence reduction, Brown argues that the "district court erroneously applied a [sentencing guidelines] range higher than the applicable one and incorrectly used convictions that did not meet the qualifications to be considered usable in order to trigger the 'ACCA'" enhancement (doc. 195, p. 2).

Citing Rule 52 of the Federal Rules of Criminal Procedure, U.S.S.G § 4A1.2(e)(1), and U.S.S.G. § 1B1.13, Brown argues that the Court committed clear and plain error, which rendered his sentence fundamentally unfair and prejudicial, by relying upon his "two non-qualifying robbery convictions that were not predicate offenses in accord with" U.S.S.G § 4A1.2(e)(1) (doc. 195-5, p. 4). He argues that "(1) the convictions were approximately 18 years old at the time of

---

[1] Brown cites United States v. Mantack, 833 Fed. Appx. 819 (11th Cir. 2021). However, this case does not support Brown's position. To the contrary, the Court of Appeals for the Eleventh Circuit stated that a "district court must find that a sentence reduction for extraordinary and compelling reasons is consistent with policy statements issued by the Sentencing Commission." (Id.) Policy Statement § 1B1.13 is an applicable policy statement, and at present, under Application Note 1(D), reasons other than, or in combination with, those listed in Application

2

the instant offense; 2) The defendant plead guilty and was sentenced to 1 year & 1 day on both robbery convictions that were ran concurrent. The petitioner completed his EOS (end of sentence) in about ten months … (3) The PSIR will confirm these facts; Brown did not receive any criminal history points for the two robbery convictions, because they were nonqualifying offenses" (doc. 195, p. 3).

Brown asserts that a disparity exists between his sentence imposed pursuant to the ACCA and the sentence the Court probably would have imposed without application of the non-qualifying robbery offenses (doc. 195-5, p. 3, 5).  He asserts that his "guidelines range would have been 79-96 months without the enhancement and a maximum sentence of 10 years for a 18 U.S.C. § 922(g)(1) violation" (Id., p. 5).  Brown points out that he brought this issue to the attention of his defense counsel, but counsel was "unreasonable and did not object to the use" of these convictions and did not "investigate the details of those priors to prove the validity of those offenses" (doc 195, p. 3). He asserts that counsel's "failure to object" was prejudicial and that counsel's "performance failed to meet an objective standard of reasonableness, and [his] rights were prejudice as a result of the attorney's substandard performance" (doc. 195-5, p. 3).

Brown also argues that overly harsh prison conditions caused by the Covid 19 pandemic and his increased risk of serious illness should he contract Covid 19 are extraordinary and compelling reasons for a reduction in sentence (doc. 195-3, p. 2). He points out that "[m]ore than two years of his sentence has been served under coronavirus protocols, which have limited time outside of his cell and limited opportunity for programming of any kind." (doc. 195-3, p. 5). He asserts that even though vaccinated, his age, "mid-forties" and "family history of severe illness" place him at increased risk of serious illness should he contract Covid 19 (doc. 196, p. 5).

---

Notes 1(A) through (D) are as "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13.

Brown also references "family circumstances" as an extraordinary and compelling reason for a reduction in sentence. He states that his "family needs him, in particular his ill grandmother, as well as his children, [and] grandchildren" (doc. 195, p. 7).

III. Analysis

Generally, a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597, 605–606 (11th Cir. 2015). Brown moves pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). This statute, as amended by the First Step Act, provides that upon motion of the defendant or the Director of the Bureau of Prisons, the Court may reduce a sentence if there are extraordinary and compelling reasons which warrant a reduction, certain procedural[2] requirements are met, the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence, and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Court of Appeals for the Eleventh Circuit has held that "§ 1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)." United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021).

The Policy Statement, in relevant part, provides that upon motion under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a term of imprisonment if it determines that there are extraordinary and compelling reasons which warrant a reduction, the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction, the defendant is not a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g), and the "reduction is consistent with this policy statement." U.S.S.G. § 1B1.13. However, the district courts need not

---

[2] Defendants may file a § 3582(c)(1)(A) motion after they have "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Brown submitted a request to the Warden on September 7, 2022 (doc. 195-2). His motion was signed on October 17, 2022, and deemed filed on that date. See Houser v. United States, 808 Fed. Appx. 969, 971 (11th Cir. 2020). Therefore, Brown filed his motion after the lapse of 30 days from the Warden's receipt of his request.

analyze the above requirements in any specific order. See United States v. Tinker, 14 F. 4th 1234, 1237-1238 (11th Cir. 2021) (per curiam).  Importantly, should the movant fail to make a showing on any one requirement, that failure "would foreclose a sentence reduction." Id. at 1238.

The Policy Statement lists four circumstances as examples of extraordinary and compelling reasons under § 3582(c)(1)(A).  Specifically, the "medical condition of the defendant" such as a terminal illness. U.S.S.G. § 1B1.13(A)(i). Or the defendant is "suffering from a serious physical or medical condition, … serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care" in prison "and from which he or she is not expected to recover." Id. at cmt. n.1(A)(ii).  Also, the "age of the defendant" where the "defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id. at cmt. n.1(B).  Additionally, certain "family circumstances" may provide grounds for a reduction of sentence. Id. at cmt. n.1(C).  Specifically, "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id.

And last, "other reasons … [a]s determined by the Director of the Bureau of Prisons, [when] there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. at cmt. n.1(D).  Although the phrases "other than" or "other reasons" have been broadly interpreted by some courts, the Eleventh Circuit explained that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence" which are "beyond" those specified in the Policy Statement.  United States v. Bryant, 996 F.3d at 248; United States v. Beckford, No. 22-10638, 2022 WL 4372553, at *2 (11th Cir. Sept. 22, 2022)

(the "district courts may not 'find[ ] extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13.'") (quoting United States v. Giron, 15 F .4th at 1343, 1347 (11th Cir. 2021)). Thus, the Court is constrained by the determinations of the Director of the BOP. See Bureau of Prisons Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*. Review of Program Statement 5050.50 indicates that the Director of the BOP has determined that certain medical conditions regardless of age, i.e., terminal or debilitating medical conditions; certain medical or mental conditions affecting inmates 65 and older who have served at least 50% of their sentence; and certain family circumstances involving the death or incapacitation of the caregiver for the inmate's minor children, or disabled spouse or registered partner, may, if other conditions are met, constitute grounds for a reduction of sentence.

Since Congress specifically stated that a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) must be consistent with the applicable Policy Statements and the Eleventh Circuit has held that U.S.S.G. § 1B1.13 is an applicable Policy Statement, United States v. Bryant, 996 F. 3d at 1262, this Court is without authority to disregard the Policy Statement's plain language. Thus, a reduction of sentence based upon the circumstances Brown presents – sentencing errors, ineffective assistance of counsel, concerns regarding contracting Covid 19,[3] allegations that Covid 19-related lockdowns rendered his sentence more difficult to serve, and family circumstances other than those identified in Application Note 1(C) - would not be consistent with Policy Statement § 1B1.13.

---

[3] Additionally, Brown does not provide any evidence that his fear of Covid 19 based upon a "family history" of severe illnesses, "substantially diminishes" his ability to provide self-care, such that it may fall under Application Note 1(A) of the Policy Statement. See United States v. Butler, 2023 WL 2857240, at *2 (11th Cir. Apr. 10, 2023) (finding that Butler did not assert and "nothing evidences -- that his anxiety [about Covid 19] or any other medical condition has diminished substantially his ability to provide self-care while in prison.") (Footnote omitted).

The Eleventh Circuit has explained that if a defendant's circumstances do not meet any of the reasons in Application Notes 1(A) through (D) in the Policy Statement, then he or she is ineligible for consideration of a reduction. United States v. Bryant, 996 F. 3d at 1254. As a result, the Court need not consider whether the factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction or whether Brown's release would not pose a danger to other persons or the community as provided in 18 U.S.C.§ 3142(g). United States v. Tinker, 14 F. 4th at 1238 (should the movant fail to make a showing on any one requirement, that failure "would foreclose a sentence reduction.").

III. Conclusion

Accordingly, for the reasons set forth herein, Brown's motion for compassionate release is denied.

**DONE** and **ORDERED** this 12th day of June 2023.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**