IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | )   Criminal Action No. 15-00193-KD-N |
| MAURICE ODELL BROWN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the motion for extension of time filed by Defendant Maurice Odell Brown (doc. 197).

I. Background

On August 27, 2015, Brown was indicted for the offense of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He entered a plea of not guilty. His first trial was declared a mistrial because the jury was unable to return a unanimous verdict (doc. 101). At his second trial, the jury returned a unanimous verdict, and he was convicted (doc. 115). Brown was found to have three qualifying predicate offenses and met the requirements of the Armed Career Criminal Act. 18 U.S.C. 924(e). He was sentenced to a total term of imprisonment of 180 months, the statutory minimum (doc. 134). The Court of Appeals for the Eleventh Circuit affirmed his conviction (doc. 154). At the time of this offense, Brown was serving a three-year term of supervised release for a prior conviction for the offense of prohibited person in possession of a firearm. His supervised release was revoked, and he was sentenced to serve eight months, consecutive to the instant 180-month sentence. See United States v. Brown, Criminal Action No. 09-00154-KD-M (S.D. Ala.) (2009) (doc. 59).

At present, Brown is incarcerated at USP Yazoo City in Louisiana. He has been incarcerated approximately eight years. He is forty-six years old. His anticipated release date is May 18, 2029.

Recently, Brown moved the Court for a sentence reduction or modification pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 195). On June 12, 2023, the motion was denied. The Court found that Brown was not eligible for consideration of a reduction in sentence because he failed to show extraordinary and compelling reasons that would warrant a reduction, which were consistent with the applicable Policy Statement, U.S.S.G. § 1B1.13, as required by 18 U.S.C. § 3582(c)(1)(A) (doc. 196). Because the Court found that Brown had not shown extraordinary and compelling reasons as required by the statute, the Court did not consider whether the factors in 18 U.S.C. § 3553(a) weighed in favor of a reduction or whether Brown's release would not pose a danger to other persons, or the community as provided in 18 U.S.C.§ 3142(g). United States v. Tinker, 14 F. 4th 1234, 1238 (11th Cir. 2021) (per curiam) (should the movant fail to make a showing on any one requirement, that failure "would foreclose a sentence reduction.").

II. Motion for extension of time

Brown now moves the Court for an "extension of time to file a reply" to the Court's denial (doc. 197). He argues that additional time is necessary because he did not receive a copy of the order until June 26, 2023, and because he is in the "SHU" awaiting transfer and therefore, does not have access to his legal documents or the law library.

The Court of Appeals for the Eleventh Circuit has held that motions pursuant to 18 U.S.C. § 3582(c) "are criminal in nature and covered by the rules applicable to criminal cases." United States v. Moore, No. 21-13745, 2022 WL 16707297, at *1 (11th Cir. Nov. 4, 2022) (citations omitted). Brown may appeal the Court's decision pursuant to Fed. R. App. P. 4(b), which applies to criminal appeals, or possibly move the Court to reconsider. The option of a "reply" to the Court's order is not available. Thus, to the extent that Brown moves the Court for an extension of time to file a reply, his motion is DENIED.[1]

---

[1] Since the Court denied Brown's motion, his sentence was not reduced, modified, or reimposed, but instead continued in effect. Therefore, Fed. R. Crim. P. 35(a) does not appear to apply, and a motion pursuant to Rule 35(a) is not a viable procedure. See United States v. Caraballo-

A. Notice of appeal

Notwithstanding the content of his motion, the Court construes[2] Brown's motion as a motion for extension of time to file an appeal. "Under Federal Rule of Appellate Procedure 4, a defendant in a criminal case has 14 days from the entry of the judgment or the order being appealed to file a notice of appeal." Id. (citing Fed. R. App. P. 4(b)(4)).  However, the "district court may extend the time for filing a notice of appeal for up to 30 days for 'excusable neglect or good cause.'" Id. (citing Fed. R. App. P. 4(b)(4)).  But the Court has no "authority to further extend those deadlines." Id. (citing Fed. R. App. P. 26(b)(1) ("… the court may not extend the time to file … a notice of appeal (except as authorized in Rule 4)").

The order was entered June 12, 2023 (doc. 196).  Thus, the 14-day period ended June 26, 2023, the day Brown received his copy of the order.  To the extent that Brown moves the Court for an extension of time to file a notice of appeal, and good cause having been shown, the motion is GRANTED. Accordingly, Brown's deadline to file a notice of appeal is extended thirty (30) days until July 26, 2023.

B. Motion for reconsideration

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to

---

Martinez, 866 F. 3d 1233 (11th Cir. 2017) (finding that for purposes of an 18 U.S.C. § 3582(c)(2) motion, the denial of Caraballo's motion "meant only that the sentence imposed at the time of conviction continued and was not reduced" and concluding that the denial of his "first § 3582(c)(2) motion was not a 'sentencing' or 'a sentence' for purposes of Rule 35(a) and § 3582(c)(2)[.]") Even if Rule 35(a) applied, the fourteen-day period to file a Rule 35(a) motion has passed, and the Court would not have jurisdiction to consider the motion. United States v. Burcks, No. 22-13353, 2023 WL 2260007, at *1 (11th Cir. Feb. 28, 2023) ("The timely filing of a Rule 35(a) motion is a jurisdictional prerequisite, so the district court did not err when it found it lacked jurisdiction to consider Burcks's untimely Rule 35 motion.").

[2] "Courts are obligated to 'look behind the label' of pro se inmate filings to determine whether they are cognizable under 'a different remedial statutory framework.'" United States v. Brown, 748 Fed. Appx. 286, (Mem)–287 (11th Cir. 2019) (quoting United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990)).

3

file such motions in criminal cases." <u>Serrano v. United States</u>, 411 Fed. Appx. 253, 255 (11th Cir. 2011).  The Court of Appeals for the Eleventh Circuit has explained that a "criminal defendant must file a motion for reconsideration within 14 days of the order from which reconsideration is sought[.]" <u>United States v. Sanders</u>, No. 22-11640, 2023 WL 2822129, at *2 (11th Cir. Apr. 7, 2023) (finding Sanders' motions for reconsideration filed "over a year later in both instances" were untimely.).  And a timely motion for reconsideration "tolls the time for filing a notice of appeal and the time [to appeal] begins to run anew following disposition of the motion." <u>United States v. Williams</u>, 2023 WL 1795161, at *1 (11th Cir. Feb. 7, 2023) (unreported opinion) (citing <u>United States v. Vicaria</u>, 963 F.2d 1412, 1413-1414 (11th Cir. 1992)).  The Court was unable to find a case which specifically stated that a motion for reconsideration was timely if filed during the 30-day extension of time to appeal. One case indicated that a tolling motion, such as a motion for reconsideration, could be filed during the extended period. <u>United States v. Singletary</u>, 665 F. App'x 757, 759 (11th Cir. 2016) ("Thereafter, Singletary did not file … a notice of appeal or a tolling motion within the 14 days required by Rule 4(b) … or within Rule 4(b)(4)'s additional 30–day period for extensions of time[.]").

    **DONE** and **ORDERED** this 5th day of July 2023.

                                          **s / Kristi K. DuBose**
                                          **KRISTI K. DuBOSE**
                                          **UNITED STATES DISTRICT JUDGE**