IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | Criminal Action No. 15-00193-KD-N |
| MAURICE ODELL BROWN, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on Defendant Maurice Odell Brown's Motion for Reconsideration of the denial of his motion for reduction of sentence and supplement to the motion (docs. 199, 202). Upon consideration, and for the reasons set forth herein, the motion is **DENIED.**

I.  Background

On August 27, 2015, Brown was indicted for the offense of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Brown entered a plea of not guilty. His first trial was declared a mistrial because the jury was unable to return a unanimous verdict (doc. 101). At his second trial, the jury returned a unanimous verdict, and he was convicted (doc. 115). Brown was found to have at least three qualifying predicate offenses and met the requirements of the Armed Career Criminal Act. 18 U.S.C. 924(e). He was sentenced to a total term of imprisonment of 180 months, the statutory minimum (doc. 134). The Court of Appeals for the Eleventh Circuit affirmed his conviction (doc. 154). At the time of this offense, Brown was serving a three-year term of supervised release for a prior conviction for the offense of prohibited person in possession of a firearm. His supervised release was revoked, and he was sentenced to serve eight months, consecutive to the instant 180-month sentence. See United States v. Brown, Criminal Action No. 09-00154-KD-M (S.D. Ala.) (2009) (doc. 59).

Among other post-trial motions, Brown filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc 195, docs. 195-1-5). In relevant part, he argued that his two prior

convictions for Robbery 3rd Degree were not qualifying convictions for application of the Armed Career Criminal Act and therefore, the Court committed an error in calculating his sentencing guidelines and imposing his sentence.  He argued that the disparity between the sentence imposed and the sentence he would have received without application of the two convictions was an extraordinary and compelling reason for a reduction of his sentence under the "catch-all" provision in Application Note 1(D)[1] to U.S.S.G. Policy Statement § 1B1.13.  He also argued that his counsel was ineffective by failing to object to the application of these convictions (doc. 195-5, p. 3-5).

When denying his motion for sentence reduction, the Court found that Eleventh Circuit precedent precluded the Court from applying the "catch-all" provision to develop extraordinary and compelling reasons "other than" those reasons as determined by the Director of the Bureau of Prisons (doc. 196, p, 5-7). Specifically, the Court explained as follows:

> Although the phrases "other than" or "other reasons" have been broadly interpreted by some courts, the Eleventh Circuit explained that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence" which are "beyond" those specified in the Policy Statement. United States v. Bryant, 996 F.3d [1243, 1248 (11th Cir. 2021)]; United States v. Beckford, No. 22-10638, 2022 WL 4372553, at *2 (11th Cir. Sept. 22, 2022) (the "district courts may not 'find[ ] extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13.'") (quoting United States v. Giron, 15 F .4th at 1343, 1347 (11th Cir. 2021)).

(Doc. 196, p. 5-6).  The Court further explained:

> Since Congress specifically stated that a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) must be consistent with the applicable Policy Statements and the Eleventh Circuit has held that U.S.S.G. § 1B1.13 is an applicable Policy Statement, United States v. Bryant, 996 F. 3d at 1262, this Court is without

---

[1] "1. Extraordinary and Compelling Reasons. Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below: (D) Other Reasons.  As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt.1(D) (effective November 1, 2018 through October 31, 2023).

>authority to disregard the Policy Statement's plain language. Thus, a reduction of sentence based upon the circumstances Brown presents – sentencing errors, ineffective assistance of counsel, concerns regarding contracting Covid 19, 3 allegations that Covid 19-related lockdowns rendered his sentence more difficult to serve, and family circumstances other than those identified in Application Note 1(C) - would not be consistent with Policy Statement § 1B1.13.

(Doc. 196, p. 6).

## II.   Analysis

Brown moves the Court to reconsider the denial of his motion for reduction of sentence (docs. 199, 202) The Court of Appeals for the Eleventh Circuit has held that a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) is a continuation of the criminal proceedings. United States v. Craig, 786 Fed. Appx. 237, 238 (11th Cir. 2019) (citing United States v. Fair, 326 F. 3d 1317, 1318 (11th Cir. 2003)). The Eleventh Circuit has also held that "[a]lthough the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." Serrano v. United States, 411 Fed. Appx. 253, 255 (11th Cir. 2011).

"In deciding motions for reconsideration in criminal cases, courts use the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59." United States v. Smith, No. CR115-063, 2020 WL 4368270, at *1 (S.D. Ga. July 30, 2020); United States v. Gossett, 671 Fed. Appx. 748, 749 (11th Cir 2016) (finding that Gossett's "motion to reconsider did not raise any arguments that were unavailable at the time of his motion for a reduced sentence" and explaining that "[w]e have not addressed in a published opinion under what circumstances a district court should grant a motion to reconsider in a criminal case. In civil cases, a motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment, including new arguments that could have

3

been raised but were not. The grounds for granting a Rule 59 motion are intervening changes in controlling law, newly discovered evidence, or manifest errors of law or fact.").

In his motion for reconsideration, Brown argues that the Court erred because it followed Eleventh Circuit precedent instead of following the decisions of other circuit and district courts that found Application Note 1(D) in Policy Statement § 1B1.13 did not apply when a defendant moved for reduction of sentence (doc. 199, doc. 202). Brown argued that "vesting authority over" Application Note 1(D) "to the BOP is inconsistent and cannot be reconciled with the" revised § 3582(c)(1)(A)(i), which allows a defendant to file a motion for reduction of sentence, and that "the text of U.S.S.G. § 1B1.13 supports a finding that the policy statement is inapplicable to Brown's situation", i.e., the situation where a defendant file the motion (doc. 202, p. 4).

The Court disagrees. The Court properly applied the law in effect at the time of the decision. The fact that other courts interpreted Application Note 1(D) in Policy Statement § 1B1.13 differently from the Court of Appeals for the Eleventh Circuit is not a reason to disregard clear circuit precedent expressed in United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021) ("Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence" which are "beyond" those specified in the Policy Statement.").

Brown also argues that there has been an intervening change in controlling law. Specifically, Amendment 814 to Policy Statement § 1B1.13, effective November 1, 2023. He argues that subparagraph (b)(6), captioned "Unusually Long Sentence" provides a new ground for granting his motion for reduction of sentence. The subparagraph states as follows:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the

4

> sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Assuming for purpose of this motion that Brown has an "unusually long sentence", the Policy Statement clearly requires serving "at least 10 years of imprisonment" on his alleged "unusually long sentence" before the Court may consider a motion for reduction of sentence (Id.) Brown's sentence was imposed on June 3, 2016. The Court did not state that Brown would receive any credit for time served in custody. However, at that time, he had been in federal custody since September 6, 2015 (doc. 6). Calculating from June 3, 2016, indicates that Brown has served approximately 7 years 8 months of his sentence. Calculating from September 6, 2015, indicates that Brown has served approximately 8 years 6 months of his sentence. In either calculation, he has not served 10 years.

Also, there must be a "change in the law" that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). Brown has not identified such a change. Instead, he argues that an error was made when he was sentenced. Specifically, an erroneous determination that the two Robbery 3rd Degree convictions were qualifying predicate offenses. As to why Brown believes there was an error, he argues:

> Brown's 1997 robbery convictions are not predicate offenses; therefore, he is not an Armed Career Criminal, and should not be serving such an unusually long sentence. In fact, according to the U.S.S.G. § 4A1.2(e), prior convictions that do not qualify as usable offenses, cannot be used for enhancing a defendant's sentence if 1) the convictions are older than 15 years and (2) No part of the prior sentence whether its parole or probation falls within the 15 year time frame of the current offense.

(Doc. 202, p. 7-8).

Brown appears to believe that the time periods for computing criminal history under U.S.S.G. § 4A1.2(e) also apply to 18 U.S.C. § 924(e), the Armed Career Criminal Act. That is not correct. Section 924(e) does not contain any time limitations. The statute sets forth as follows:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C.A. § 924(e).

The time periods in U.S.S.G. § 4A1.2(e) apply only when computing a defendant's criminal history category for purposes of calculating his sentencing guidelines range under the sentencing guidelines, not for purposes of determining whether a defendant is subject to a statutory mandatory minimum sentence. Since Brown has failed to show an intervening change in the law that could affect the Court's prior decision, his motion for reconsideration is due to be denied.

**DONE** and **ORDERED** this 7th day of February 2024.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**